CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 0 5 2020

JULIA C. DUDLEY, CLERK
BY: /s/
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 4:20CR12 |
| | ) | |
| v. | ) | **INDICTMENT** |
| | ) | |
| TERRANCE ANTWAIN PENN | ) | In violation of: |
| | ) | 18 U.S.C. § 2251(a) |
| | ) | 18 U.S.C. § 922(g)(1) |

### COUNT ONE

The Grand Jury charges that:

1. On or about November 21, 2019, in the Western District of Virginia, the defendant, TERRANCE ANTWAIN PENN, did employ, use, persuade, induce, entice and coerce P.W., who was then a minor under the age of 18 years old, to engage in sexually explicit conduct, for the purpose of producing one or more visual depiction(s) of such conduct and which visual depiction(s) was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer.

2. All in violation of Title 18, United States Code, § 2251(a).

### COUNT TWO

The Grand Jury charges that:

1. On or about December 3, 2019, in the Western District of Virginia, the defendant, TERRANCE ANTWAIN PENN, did employ, use, persuade, induce, entice and coerce P.W., who was then a minor under the age of 18 years old, to engage in sexually

explicit conduct, for the purpose of producing one or more visual depiction(s) of such conduct and which visual depiction(s) was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer.

2. All in violation of Title 18, United States Code, § 2251(a).

## COUNT THREE

The Grand Jury further charges that:

1. On or about December 7, 2019, in the Western District of Virginia, the defendant, TERRANCE ANTWAIN PENN, knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, to wit, a Taurus, model G2C, 9mm semi-automatic pistol, said firearm having been shipped and transported in interstate or foreign commerce.

2. All in violation of Title 18, United States Code, § 922(g)(1).

## NOTICE OF FORFEITURE

1. Upon conviction of one or more of the felony offenses alleged in this Indictment, the defendant shall forfeit to the United States:

> a. any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of law, pursuant to 18 U.S.C. § 2253(a)(1).
>
> b. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from said violation of law, pursuant to 18 U.S.C. § 2253(a)(2).
>
> c. any property, real or personal used or intended to be used to commit or to promote the commission of said violation of law, or

any property traceable to such property, pursuant to 18 U.S.C. § 2253(a)(3).

d. any firearms and ammunition involved or used in the commission of said offenses, or possessed in violation thereof, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

2. The property to be forfeited to the United States includes but is not limited to the following property:

   a. **Firearm(s) and Ammunition or other assets**

   1. Taurus, model G2C, 9mm semi-automatic pistol, SN TLZ57993;

   2. All ammunition, magazines, and accessories associated with this firearm.

   b. **Electronics**

   1. Samsung, Note 9 Model Number: SM-N960U, IMSI/IMEI: 35758409861572;

   2. LG Stylo 5 Model Number: LM-Q720PS, IMSI/IMEI: 356095102314242;

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with a third person;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

A **TRUE BILL**, this ___5___ day of March, 2020.

/s/*FOREPERSON*
FOREPERSON

_____
Thomas T. Cullen
United States Attorney